JAMES B. McMINN, RESPONDENT,. v. WILLIAM MAYES,
APPELLANT.

[1]EJECTMENT, EVIDENCE IN.—In ejectment, the plaintiff may offer in evidence a
deed to the defendant, in order to explain the latter's possession.

IDEM—PLAINTIFF ENTITLED TO IMPROVEMENTS.—The plaintiff is as much entitled
to recover the improvements, which are fixtures, as the land.

APPEAL from the Superior Court of the City of San
Francisco.

This was an action to recover a piece of land on Sansome
street, in the City of San Francisco.

The plaintiff first offered in evidence a deed for the land,
from B. W. Williams to himself, dated 27th November,
1852.

The plaintiff then offered in evidence a certified copy of a
deed from William Devier, Street Commissioner, to defend-
ant, dated September 27th, 1851. This deed recites, that
the land was formerly owned by and assessed to Palmer &
Williams, in said city; that $461 70 had been assessed
against it for grading and planking Sansome street, and that
said sum had not been paid, and the land had been
[210] sold to the defendant for * one year and eleven
months, in consideration of his agreeing to pay
said assessment.

The plaintiff proved by D. O. Shattuck that Williams and
his partner, Palmer, occupied the land in the spring of
1850; that Williams sold out his interest in the business
to Palmer, and leased the lot to Palmer, who contin-
ued to occupy it as the tenant of Williams, until the
houses on it were destroyed by the fire in May or
June, 1851. When Williams leased the lot to Palmer,
he went to Humboldt Bay, and made witness his attor-
ney in fact, to collect the rent and attend to the property;
after the houses were burnt down, witness stuck up a card on
the lot, giving notice it was for rent. Once witness called,

---

[1] Commented on in *Bird* v. *Lisbros*, 9 Cal. 5. See *Bequette* v. *Caulfield, post* 278.

in the fall of 1851, and saw defendant on it, putting up a house, and asked him what right he had there. The defendant replied, that he had purchased the lot for the term of one year and eleven months, for the non-payment of street assessments, and had entered under that purchase.

The defendant offered evidence to show the value of his improvements.

The defendant asked for various instructions in his favor on the points noticed in the opinion, which were refused, and a judgment being rendered against him, he appealed.

*Ryan & Gunnison,* for Appellant.

*Sloan,* for Respondent.

Mr. J. Hᴇʏᴅᴇɴғᴇʟᴅᴛ delivered the opinion of the Court. Mr. Ch. J. Mᴜʀʀᴀʏ concurred.

The prior possession of Williams, the plaintiff's grantor, was sufficient to maintain a recovery in ejectment.

Nor is it affected by the occupation of Palmer, which is explained by proof of his tenancy under Williams, up to the fire of May, 1851. The fair deduction from the record is, that at that period, the tenancy of Palmer ceased, and, consequently, Williams was entitled to possession, and the acts of Shattuck, as his agent, removes any idea of his abandonment of the premises.

The only effect of the deed from the Street Commissioner to *the defendant, was to explain the    [211] latter's possession, and so far by admitting its validity, its introduction was a direct benefit to the defendant, for, without it, plaintiff would have been entitled to recover *mesne* profits for the whole time of the defendant's occupation. No demand of the premises was necessary, because the parties did not bear the relation of landlord and tenant. The plaintiff was as much entitled to recover the improvements, which were fixtures, as the land.

There is no error in the record, and the judgment is affirmed.